**Surmukh SINGH, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–2377–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Thankful T. Vanderstar, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Surmukh Singh, a native and citizen of India, seeks review of a May 8, 2007 order of the BIA affirming the November 17, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein, denying Singh's applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Singh,* No. A 16 087 122 (B.I.A. May 8, 2007), *aff'g* No. A 16 087 122 (Immig. Ct. N.Y. City Nov. 17, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Delgado v. Mukasey,* 508 F.3d 702, 705 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

Here, substantial evidence supports the agency's adverse credibility finding. The agency emphasized material inconsistencies between Singh's testimony and the statement attached to his asylum application. First, the IJ reasonably noted that Singh had introduced a new aspect to his claim when he testified about his supposed affiliation with the Akali Dal Mann political faction. As this fact would have further explained the incidents with the authorities and their accusation that he was anti-Government, the omission of any reference to his involvement with Akali Dal Mann in his asylum application was central to Singh's claim and was properly relied upon by the agency in making its adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307–08 (2d Cir.2003). Singh argues that his asylum application impliedly referenced Akali Dal Mann in that he checked the box indicating that he belonged to "a particular social group." Although "asylum applicants are not required to list every incident of persecution on their I–589 statements," *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006), the agency reasonably concluded here that given the importance of his supposed affiliation with Akali Dal Mann, Singh's failure to expressly include this association in his statement suggested "it [was] highly questionable."

In addition, we conclude that the IJ reasonably found that Singh's failure to reference his friend Paramjit at the hearing, when this friend was included in the asylum application, was a material omission. *See Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000). In his written statement, Singh stated that he attended the rally at which he was arrested for the second time at the request of this close friend. Paramjit allegedly managed to escape as Singh was apprehended. The IJ reasonably noted an inconsistency between these statements in Singh's asylum application and Singh's testimony, given that "[Singh] made no reference to his close friend Par-

amjit" during his testimony, and that no letter from Paramjit was provided.

In his brief, Singh fails to address other inconsistencies cited by the IJ, including Singh's failure to testify about the statement in his asylum application that the police photographed him and threatened to publish his photographs throughout the Punjab if he continued his anti-Government activities. As such, we decline to address these findings any further, noting only that they provided additional support for the adverse credibility finding. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005) (issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). Singh's failure to corroborate his claim with letters from Akali Dal Mann members or affidavits from his family about the incidents to which he testified also supported the adverse credibility determination in this case. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 164 (2d Cir.2006) (an applicant's failure to corroborate his testimony may bear on credibility where the absence of corroboration renders an applicant unable to rehabilitate testimony that has already been called into question).

Because the only evidence that Singh was likely to be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Singh's pending motion

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for-

for a stay of removal in this petition is DISMISSED as moot.